THOMAS R. BURKE (CA Bar No. 141930)
 thomasburke@dwt.com
DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
San Francisco, California 94111
Telephone: (415) 276-6500

AMBIKA KUMAR (*pro hac vice*)
 ambikakumar@dwt.com
SARA A. FAIRCHILD (*pro hac* vice)
 sarafairchild@dwt.com
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Telephone: (206) 757-8030

ADAM S. SIEFF (CA Bar No. 302030)
 adamsieff@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017
Telephone: (213) 633-6800

Attorneys for Plaintiff
YELP INC.

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| YELP INC.,<br><br>              Plaintiff,<br><br>      v.<br><br>KEN PAXTON, ATTORNEY GENERAL OF THE STATE OF TEXAS,<br>in his official capacity,<br><br>              Defendant. | Case No.  3:23-cv-04977-TLT<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br>Date:     January 4, 2024<br>Time:     2:00 p.m.<br>Dept.:    Courtroom 9<br><br>Action Filed: September 27, 2023 |

Plaintiff Yelp Inc. and Defendant Ken Paxton, Attorney General of the State of Texas, have met and conferred and jointly submit this Joint Case Management Statement & Proposed Order pursuant to the Court's September 29, 2023, Order (Dkt. 12), the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, and Civil Local Rule 16-9 in advance of the Initial Case Management Conference scheduled for January 4, 2024.

1. **JURISDICTION & SERVICE**

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 over Yelp's claims, which are brought under 42 U.S.C. § 1983 and 28 U.S.C. § 2201. The Court also has subject matter jurisdiction under 28 U.S.C. § 1343(a). The Attorney General has been served. The Attorney General disputes personal jurisdiction and venue and has filed a motion to dismiss asserting those objections. *See* Dkt. 25.

2. **FACTS**

The parties separately describe their respective positions on the facts.

A. **Plaintiff's Position**

Yelp owns and operates Yelp.com, a popular local search website, mobile website, and related mobile applications that allow users to share and discover information about their communities and make informed decisions about local businesses and other local entities. Dkt. 16-1 ¶ 2. In August 2022, after the Supreme Court's decision in *Dobbs v. Jackson Women's Health Organization*, 142 S. Ct. 2228 (2022) and criticisms in reports and reviews from Yelp users being misled or confused by certain Crisis Pregnancy Centers (CPCs), Yelp added the following "Consumer Notice" on CPC business pages: "This is a Crisis Pregnancy Center. Crisis Pregnancy Centers typically provide limited medical services and may not have licensed medical professionals onsite." Dkt. 16-1 ¶¶ 13-14. This statement was supported by ample publicly available studies that Yelp considered before it started using the Consumer Notice. *Id.* On February 7, 2023, the Attorney General and 23 other state attorneys general sent a letter to Yelp asserting the Consumer Notice was "misleading" and designed to "discourage women and families from accessing their services." *Id.* ¶ 16 & Ex. F. The Attorney General, who opposes abortion and has

JOIN T CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER
Case No. 3:23-cv-04977-TLT

1

DAVIS WRIGHT TREMAINE LLP
50 CALIFORNIA STREET, 23RD FLOOR
SAN FRANCISCO, CALIFORNIA 94111
Tel: (415) 276-6500

taken dozens of actions to suppress information about and access to abortion, *see* Dkt. 16-2 Ex. 12, took issue with Yelp's purported attempt to "discriminate against" CPCs.  Dkt. 16-1 Ex. F.  On February 8, 2023, Yelp responded by providing additional research confirming the Consumer Notice is accurate and not misleading.  *Id.* ¶ 16 & Ex. G.  Solely to address the concerns the attorneys general raised and avoid unnecessary litigation, Yelp revised the Consumer Notice on its business pages for CPCs to state:  "Crisis Pregnancy Centers do not offer abortions or referrals from abortion providers."  *Id.*  Yelp continues to use the original Consumer Notice on other parts of its platform.  Dkt. 29-1 ¶¶ 2-6.  On February 14, 2023, the Attorney General's office issued a press release stating the new notice provided an "accurate description."  Dkt. 16-2 Ex. 10.  The other 23 state attorneys general who signed the February 7, 2023, letter took no further action.

On May 27, 2023, the Attorney General was impeached and suspended from office by the Texas House of Representatives.  Dkt. 29-2 Exs. 5-6.  He returned to office on September 18, 2023.  Four days later, the Attorney General sent Yelp a "notice of intent to file suit" based on Yelp's publication of the original Consumer Notice, claiming Yelp violated the Texas Deceptive Trade Practices Act (DTPA).  Dkt. 16-1 Ex. H (cleaned up).  The only evidence the Attorney General has provided indicates his office conducted an "investigation" for a few weeks that stopped when the Attorney General was impeached and included review of correspondence with a single Texas CPC.  *See* Dkt. 37-1 ¶¶ 3-8, 13.  The Attorney General's office never served Yelp with an investigative demand, asked it to cooperate, or even contacted Yelp during this supposed investigation.  Dkt. 29-2 ¶¶ 2-4.

On September 27, 2023, Yelp filed this action, seeking a declaration and injunction stopping the Attorney General from further penalizing Yelp for publishing truthful speech about CPCs.  Dkt. 1.  The next day, the Attorney General filed a petition against Yelp in Texas, asking the Texas court to enjoin Yelp from "[m]isrepresenting the status or amount of licensed medical professionals onsite in [CPCs]" or "the services offered by [CPCs]," and from "[p]osting any further false and/or misleading disclaimers or representations regarding [CPCs]," without any geographic limit.  Dkt. 16-2 Ex. 11 ("Petition") ¶ 32.  The Petition states the Attorney General expects to recover more than $1,000,000.  *Id.* ¶ 13.

The Attorney General concedes that Yelp's speech is literally true, and he failed to proffer any evidence of actual consumer confusion to support his alleged investigation. *See* Dkts. 24 at p. 17; 37-1 ¶¶ 3-8, 13. The only factual issues even potentially in dispute are:

- Whether the Attorney General has acted in bad faith.
- Whether Yelp has been and will be irreparably harmed absent an injunction.
- Whether equity and the public interest favors an injunction.

Yelp objects to the Defendant's descriptions of Yelp and its business, many of which are mischaracterizations.

### B. Defendant's Position

Yelp is an advertising company founded in 2004 and features an online platform in which users can publish online content about, book reservations at, and make purchases from Texas businesses. Through the collection of user data that is collected from its online platform, Yelp sells targeted advertising – including location targeted advertising – to businesses trying to reach Yelp's Texas audience. In addition to its online presence, Yelp also offers exclusive deals and hosts exclusive in-person events in the State of Texas.

Pregnancy resource centers, also known as crisis pregnancy centers, are businesses that provide pregnant women and their families with a wide range of services – including medical services – from the conception of a child in the womb through infanthood. Among the many services offered are prenatal and neonatal medical services crucial to the health of babies and pregnant women, such as critical ultrasound testing that can be used to monitor neonatal health and detect ectopic pregnancies. As their one distinguishing criteria, pregnancy resource centers do not perform abortions. These centers are located throughout the State of Texas.

Days after the draft opinion of *Dobbs v. Jackson Women's Health Organization*, 142 S. Ct. 2228 (2022), was leaked, Yelp's CEO Jeremy Stoppelman issued a lengthy public statement expressing his support for abortion rights and affirming his "realiz[ation] [that] we need[] to take action." Among other things, he boasted that Yelp provides special assistance to "select organizations that are fighting the legal battle against abortion bans."

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER
Case No. 3:23-cv-04977-TLT

DAVIS WRIGHT TREMAINE LLP
50 CALIFORNIA STREET, 23RD FLOOR
SAN FRANCISCO, CALIFORNIA 94111
Tel: (415) 276-6500

Three months later, Yelp added its misleading disclaimer on the business pages of pregnancy resource centers across the nation, which read as follows: "This is a Crisis Pregnancy Center. Crisis Pregnancy Centers typically provide limited medical services and may not have licensed medical professionals onsite." The disclaimer flagged every pregnancy resource center, regardless of the kind of medical services offered and regardless of whether the center actually had licensed medical professionals onsite. *See* Dkt. 37-1 ¶ 5. This same Yelp disclaimer, however, was *not* added to other facilities that cater to pregnant women –specifically, facilities that perform abortions or provide referrals for abortions – regardless of whether those facilities maintained licensed medical professionals on site. *Id.* ¶ 9.

In an attempt correct this false and misleading disclaimer, at least one pregnancy resource center offered to provide Yelp copies of its employees' medical licenses and a full accounting of medical services offered at its centers. *See* Dkt. 37-1 ¶¶ 5-6. Despite the center's attempt to correct the misinformation, however, Yelp was not interested and refused to remove the disclaimer for months. *Id.* ¶ 7.

On February 7, 2023, Texas Attorney General Ken Paxton, and Attorneys General for twenty-three other states drafted a letter to Yelp CEO Jeremy Stoppelman, explaining that Yelp's disclaimer was misleading and overbroad because it flagged every pregnancy resource center, including those that do, in fact, have medical professionals onsite. *See* Dkt. 37-1 ¶ 3. The Attorneys General pointed out that no similar disclaimer had been displayed on pages of Planned Parenthood and similar facilities that offer abortion services and referrals.

In or around February 2023, after approximately six months of displaying false and misleading disclaimers on the business pages of pregnancy resource centers, Yelp finally corrected the disclaimer to state: "This is a Crisis Pregnancy Center. Crisis Pregnancy Centers do not offer abortions or referrals to abortion providers."

Yelp specifically targeted pregnancy resource centers with the false and misleading original disclaimer. Other pregnancy centers – specifically those that perform abortion services and referrals – did not have disclaimers placed on their webpages even if the disclaimer would have been true for those facilities. Defendant disparaged the services of pregnancy resource centers

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER
Case No. 3:23-cv-04977-TLT

DAVIS WRIGHT TREMAINE LLP
50 CALIFORNIA STREET, 23RD FLOOR
SAN FRANCISCO, CALIFORNIA 94111
Tel: (415) 276-6500

through Defendant's misleading consumer disclaimers, in which Defendant misrepresented that pregnancy resource centers lacked licensed medical professionals at their facilities.

The Attorney General objects to Yelp's characterization of the events leading up to this lawsuit and the relevance of the same to the present proceeding.

**3.      LEGAL ISSUES**

    **A.      Plaintiff's Position**

    1.      Whether the Attorney General has violated the First Amendment by taking action to punish and/or compel Yelp's publication of truthful speech about a matter of public concern. *See, e.g., Va. State Board of Pharmacy v. Va. Citizens Consumer Council, Inc.,* 425 U.S. 748, 769-70 (1976).

    2.      Whether the Attorney General has violated the First Amendment by retaliating against Yelp for Yelp's exercise of its First Amendment rights. *See Pinard v. Clatskanie Sch. Dist. 6J,* 467 F.3d 755, 770 (9th Cir. 2006).  Specifically:

        a.      Whether Yelp engaged in constitutionally protected speech by publishing the Consumer Notice. *See, e.g., Va. State Bd. of Pharma.,* 425 U.S. at 769-70; *Miami Herald Pub. Co. v. Tornillo,* 418 U.S. 241, 256-58 (1974).

        b.      Whether the Attorney General's actions "would chill or silence a person of ordinary firmness from future First Amendment activities." *See Lacey v. Maricopa County,* 693 F.3d 896, 916 (9th Cir. 2012).

        c.      Whether Yelp's protected speech was the "motivating factor" in the Attorney General's threat of litigation and lawsuit in Texas. *See Pinard,* 467 F.3d at 770.

    3.      Whether Yelp is entitled to a preliminary injunction enjoining the Attorney General from taking any further action to penalize, deter, prevent, or discourage Yelp's publication of truthful speech about CPCs.  Specifically:

        a.      Whether Yelp has shown a likelihood of success on the merits of its First Amendment claims. *See supra* 1-2.

        b.      Whether Yelp will suffer irreparable harm absent an injunction. *See Elrod v. Burns,* 427 U.S. 347, 373 (1976); *Ashcroft v. ACLU,* 542 U.S. 656, 670-71 (2004).

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER
Case No. 3:23-cv-04977-TLT

DAVIS WRIGHT TREMAINE LLP
50 CALIFORNIA STREET, 23RD FLOOR
SAN FRANCISCO, CALIFORNIA 94111
Tel: (415) 276-6500

c.     Whether equity and the public interest favor an injunction.  *See Zepeda v. I.N.S.,* 753 F.2d 719, 727 (9th Cir. 1983); *Sanders Cnty. Republican Cent. Comm. v. Bullock,* 698 F.3d 741, 749 (9th Cir. 2012); *Klein v. City of Laguna Beach,* 381 F. App'x 723, 727 (9th Cir. 2010); *Klein v. City of San Clemente,* 584 F.3d 1196, 1208 (9th Cir. 2009).

**B.     Defendant's Position**

1.     Whether the *Younger* Abstention Doctrine bars this Court from exercising jurisdiction affecting Texas State Court proceeding.

2.     Whether Yelp can establish personal jurisdiction.  Specifically:

a.   Whether Texas, as a sovereign State, can be considered "at home" in California, and therefore subject to general jurisdiction.

b.   Whether this Court lacks specific personal jurisdiction because Yelp's claim is based on conduct and speech that occurred in Texas.

3.     Whether venue in California is proper.

4.     Whether Yelp has a First Amendment right to publish deceptive and misleading commercial speech in violation of State law.

**4.     MOTIONS**

On October 2, 2023, Yelp filed a Motion for Preliminary Injunction (Dkt. 16).   On November 7, 2023, the Court heard oral argument on the Motion for Preliminary Injunction and took it under consideration.

On October 16, 2023, the Attorney General filed a Motion to Dismiss (Dkt. 25).   The hearing on the Motion to Dismiss is scheduled for February 20, 2023.

The parties may bring additional motions as developments warrant, including motions for summary judgment.

**5.     AMENDMENT OF PLEADINGS**

No amendments to Yelp's Complaint are currently anticipated.  The Attorney General has not filed his Answer to date. The parties propose **May 31, 2024** as the deadline for amending the pleadings, without prejudice to Yelp's right to amend its Complaint, if necessary and permitted,

DAVIS WRIGHT TREMAINE LLP
50 CALIFORNIA STREET, 23RD FLOOR
SAN FRANCISCO, CALIFORNIA 94111
Tel: (415) 276-6500

after the Court rules on the pending Motion to Dismiss or the Attorney General's right to file or amend his pleadings in response to a timely filed amendment.

**6.    EVIDENCE PRESERVATION**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The parties will continue to meet and confer on potential ESI issues as necessary. Each party represents that it has instituted reasonable document retention procedures to maintain relevant documents, electronic or otherwise, until this dispute is resolved.

**7.    DISCLOSURES**

The parties have agreed to exchange Federal Rule of Civil Procedure 26(a) disclosures within 21 days of a final ruling on the pending motions.

**8.    DISCOVERY**

The parties have not taken discovery to date. The parties propose the following discovery plan pursuant to Federal Rule of Civil Procedure 26(f)(3):

(A)    <u>Rule 26(a) initial disclosures</u>: As stated above, the parties have agreed to exchange Rule 26(a) initial disclosures within 21 days of a final ruling on the pending motions. The parties do not request any changes to the form or requirement for initial disclosures under Rule 26(a).

(B)    <u>Scope of anticipated discovery</u>:

Without waiving its right to take all other appropriate discovery consistent with Rule 26, Yelp intends to seek discovery on at least the following topics:

- The Attorney General's basis for purportedly investigating the Yelp Consumer Notice.

- The Attorney General's execution of the purported investigation into Yelp's Consumer Notice.

- The reasons for the Attorney General's decision to bring an enforcement action against Yelp based on the Consumer Notice.

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER
Case No. 3:23-cv-04977-TLT

DAVIS WRIGHT TREMAINE LLP
50 CALIFORNIA STREET, 23RD FLOOR
SAN FRANCISCO, CALIFORNIA 94111
Tel: (415) 276-6500

Without waiving his right to take all other appropriate discovery consistent with Rule 26, the Attorney General intends to seek discovery on the following topics:

- Personal jurisdiction and venue, including but not limited to facts regarding Yelp's contacts in Texas, activities in Texas, advertisements in Texas, and publications in Texas.
- All facts surrounding Yelp's actions leading up to the posting of its Consumer Notice.
- All facts surrounding the creation and posting of the Consumer Notice.
- All facts surrounding the creation of Yelp's "Crisis Pregnancy Center" category and the criteria upon which businesses are classified as such.

As set forth in the proposed case schedule below, the parties propose **May 31, 2024**, as the deadline to complete discovery. The Court's ruling on the pending Motion for Preliminary Injunction and Motion to Dismiss is likely to impact the parties' views on whether discovery should be conducted in phases or focused on particular issues. The parties agree to meet and confer following the Court's ruling on the pending motions to discuss whether phasing or other limitations would be appropriate.

(C)    <u>Electronically stored information</u>: The parties have met and conferred regarding the ESI Guidelines. Should one become necessary, the parties will enter into a stipulated e-discovery order consistent with the Court's Model Stipulated Order Re: Discovery of Electronically Stored Info.

(D)    <u>Privilege issues</u>: The parties may assert the attorney-client privilege, attorney work product doctrine, and/or other privileges, as applicable. The parties agree that attorney-client privileged communications between the parties and their counsel in this action that (1) concern this action and (2) were generated after Yelp's receipt of the Attorney General's September 22, 2023 letter need not be listed on a privilege log. If either party claims that it inadvertently disclosed privileged or work product materials or information, the parties will follow the procedure set forth in Federal Rule of Civil Procedure 26(b)(5)(B). The parties agree that further agreement on this topic is not necessary.

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER
Case No. 3:23-cv-04977-TLT

DAVIS WRIGHT TREMAINE LLP
50 CALIFORNIA STREET, 23RD FLOOR
SAN FRANCISCO, CALIFORNIA 94111
Tel: (415) 276-6500

(E)     <u>Discovery limitations</u>:  The parties do not anticipate a need to change the discovery limitations or impose additional discovery limitations at this time.

(F)     <u>Other orders</u>:  The parties anticipate jointly preparing and requesting the Court enter a stipulated protective order governing the production, disclosure, and treatment of confidential material and information produced or provided in discovery.  The parties have not identified any discovery disputes that require the Court's attention at this time.

**9.     CLASS ACTIONS**

This case is not a class action.

**10.     RELATED CASES**

The Attorney General sent Yelp a notice of its intent to file suit against Yelp for alleged violations of the Texas Deceptive Trade Practices Act (DTPA) based on Yelp's Consumer Notice.  Yelp then filed the present action, seeking injunctive relief against the Attorney General.  After Yelp filed this action, the Attorney General filed its lawsuit against Yelp in the 335th District Court of Bastrop County, Texas, alleging claims under the DTPA based on Yelp's Consumer Notice.  *See Texas v. Yelp Inc.*, Case No. 2519-335 (Bastrop Cnty. Dist. Ct.).  Yelp has filed a special appearance alleging that the Texas court lacks jurisdiction over Yelp. The parties are not aware of any other related cases.

**11.     RELIEF**

Yelp seeks the following relief as set forth in the Complaint:  (1) a declaration that the Attorney General's intent to prosecute Yelp under the DTPA violates the First Amendment because the Attorney General seeks to punish Yelp for publishing truthful information protected by the First Amendment; (2) a declaration that Yelp did not engage in any false, misleading, or deceptive acts or practices in violation of the DTPA by publishing the Consumer Notices; (3) a preliminary and permanent injunction enjoining the Attorney General and his agents, employees, and all persons acting under his direction or control from taking any action to prosecute, fine, or in any way penalize Yelp, including under the DTPA, for publishing the Consumer Notices; (4) judgment in favor of Yelp; (5) Yelp's reasonable costs and attorneys' fees under 42 U.S.C. § 1988; and (6) all other such relief as the Court deems just and proper.  Yelp does not seek damages.

The Attorney General seeks dismissal of this lawsuit, an award of reasonable costs and attorneys' fees pursuant to 42 U.S.C. § 1988, and all other relief to which he may be entitled.

**12.   SETTLEMENT AND ADR**

This case was not assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR L.R. 3.  The parties have conferred about ADR processes and believe that ADR is premature at this time.

**13.   OTHER REFERENCES**

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.   NARROWING OF ISSUES**

The parties have raised the following issues in Yelp's pending Motion for Preliminary Injunction (Dkt. 16) and the Attorney General's pending Motion to Dismiss (Dkt. 25), and identified those most consequential to the case in bold:

- **Whether Yelp is likely to succeed on its claim that the Attorney General has violated Yelp's First Amendment rights.**
- **Whether  this case falls within the abstention doctrine recognized in *Younger v. Harris*, 401 U.S. 37 (1971), or the bad faith exception to that doctrine.**
- **Whether this Court may exercise personal jurisdiction over the Attorney General in this case.**
- Whether venue is proper in this Court under 28 U.S.C. § 1391(b)(2).

The Court's rulings on the pending motions may expedite resolution of these issues.  The parties may be willing to stipulate to certain facts, if appropriate and to be determined after the pending motions and any issues relating to discovery have been resolved.

**15.   SCHEDULING**

The parties jointly propose the following case schedule:

| Deadline | Proposed Date |
|---|---|
| Initial expert disclosures | April 19, 2024 |
| Rebuttal expert disclosures | May 17, 2024 |

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER
Case No. 3:23-cv-04977-TLT

DAVIS WRIGHT TREMAINE LLP
50 CALIFORNIA STREET, 23RD FLOOR
SAN FRANCISCO, CALIFORNIA 94111
Tel: (415) 276-6500

| Deadline | Proposed Date |
|---|---|
| Discovery cutoff | May 31, 2024 |
| *Daubert* and dispositive motion cutoff | June 14, 2024 |
| *Daubert* and dispositive motion hearings | August 6, 2024 |
| Pretrial conference | October 31, 2024 |
| Trial | November 18, 2024 |

**16.    TRIAL**

Yelp has not demanded a jury trial.  The parties expect the bench trial to take 1-2 days.

**17.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Yelp filed its Certification of Conflicts and Interested Entities or Persons on September 27, 2023 (Dkt. 3), which states that there is no conflict to report and the following listed persons, associations of persons, firms, partnerships, corporations, or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a nonfinancial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: (1) BlackRock, Inc. and (2) The Vanguard Group, Inc.  No such disclosure is required by the Government.  *See* Civil L.R. 3-15.

**18.    PROFESSIONAL CONDUCT**

All attorneys of record for both parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19.    OTHER**

N/A


DATED:  December 21, 2023                    Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: */s/ Ambika Kumar*
        AMBIKA KUMAR

Attorneys for Plaintiff
Yelp Inc.

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER
Case No. 3:23-cv-04977-TLT

DAVIS WRIGHT TREMAINE LLP
50 CALIFORNIA STREET, 23RD FLOOR
SAN FRANCISCO, CALIFORNIA 94111
Tel: (415) 276-6500

1

DATED: December 21, 2023                    Respectfully submitted,

2

3                                           KEN PAXTON, ATTORNEY GENERAL OF THE
                                            STATE OF TEXAS

4                                           By: */s/ Scott Froman*_____

5                                               SCOTT FROMAN

6                                           Attorneys for Defendant
                                            Ken Paxton, Attorney General of the State of
7                                           Texas

8

9

10

11

12                          **CASE MANAGEMENT ORDER**

13          The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is

14   approved as the Case Management Order for this case and all parties shall comply with its

15   provisions. [In addition, the Court makes the further orders stated below:]

16          IT IS SO ORDERED.

17          DATED: _____

18

19                                          _____

20                                          Hon. Trina L. Thompson
                                            UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28

_____                      12

1

## CERTIFICATION OF SERVICE AND COMPLIANCE

2      I, Ambika Kumar, hereby certify that pursuant to N.D. Cal. Civil L.R. 5-1(i)(3), I have

3  obtained authorization from the above signatories to file the above-referenced document and that

4  they have concurred in the filing's content.  I further certify that I have served all parties with the

5  foregoing by the Court's ECF filing system.

6

7  Dated:  December 21, 2023

8                                                    Respectfully submitted,

9                                                    DAVIS WRIGHT TREMAINE LLP

10

11                                                   By:   */s/ Ambika Kumar*
                                                          Ambika Kumar

12                                                   Attorneys for Plaintiff
13                                                   Yelp Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER
Case No. 3:23-cv-04977-TLT

DAVIS WRIGHT TREMAINE LLP
50 CALIFORNIA STREET, 23RD FLOOR
SAN FRANCISCO, CALIFORNIA 94111
Tel: (415) 276-6500